SAMUEL BRUNSWICK

*v.*

PETER BIRKENBEUEL.

PAYMENT—*by claim on insurance companies.* If the holder of notes, by agreement, accepts of the maker policies of insurance covering property destroyed by fire, upon which there is a *prima facie* cause of action, in discharge of the notes, in the absence of fraud he will be bound by the contract, and the maker, when sued on the notes, need not show that a complete cause of action existed in his favor on the policies, to make his defense availing.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, by Brunswick against Birkenbeuel, upon four promissory notes, given by the defendant to E. Brunswick & Co., and by them indorsed to the plaintiff.

The defendant pleaded payment and discharge by the transfer of two policies of insurance to the plaintiff, covering property which had been destroyed by fire. A trial was had, resulting in a verdict and judgment in favor of the defendant.

Mr. G. S. ELDRIDGE, and Mr. H. T. GILBERT, for the plaintiff in error.

Mr. E. F. BULL, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Whether the policies of insurance delivered to plaintiff were accepted by him in full satisfaction and discharge of the notes upon which the action was brought, is a question of fact. Upon the matter in dispute, the evidence of the parties is contradictory in the extreme, and we do not see how we can do otherwise than regard the verdict as conclusive of the controverted facts. It was competent for plaintiff to make the contract insisted upon as a defense, and in the absence of fraud no reason is perceived why he is not bound by it. The property covered by the policies had been destroyed by fire, and *prima facie* a cause of action had arisen in favor of the assured. Plaintiff was willing, and, according to the finding, did accept the policies, with the privilege to collect them to his own use, in satisfaction of the notes he held upon defendant. What his motives may have been for making the arrangement we can not know, nor is it material. He may have thought the policies afforded the surest and speediest means of securing his claim on a debtor of doubtful solvency. According to his version of the transaction, defendant parted with the possession and his right to bring suit on the policies, and that was a sufficient consideration to support the promise of plaintiff to release the indebtedness.

Severe censure has been indulged upon the testimony of defendant. Conceding its justness, the same criticism, with equal propriety, may be made upon the testimony of plaintiff. Explanations of the transaction, and of the motives for making the agreement, as given by either party, are by no means satisfactory. More importance is, therefore, to be attached to the finding of the jury. Without that finding we should be at a loss, in view of the contradictory statements, to know how the truth is, and must, therefore, be controlled by it.

It was not necessary defendant should show the policies were valid, and that a complete cause of action existed in his favor, and against the insurance companies. Such is not the law as applicable to the facts of the case, and the instruction asked

by plaintiff, asserting that principle, was properly refused. As we have seen, a *prima facie* cause of action had arisen in favor of defendant, upon proof of the destruction, by fire, of the property covered by the policies, and defendant was under no obligation to prove, negatively, that no defense could be made by the insurance companies. Whether any defense could have been made was never tested. A suit was brought on the policies in Cook county, but it was abated for want of jurisdiction in the court to try the cause, on account of the limitation clause in the policies. Nothing to the contrary appears but what the policies were valid and might have been collected.

The other instructions asked by plaintiff are so objectionable in form, the court was justified in refusing them. Had they been given, the effect would have been to mislead the jury on the true issues involved.

Upon the whole record we can discover no substantial error, and the judgment will be affirmed.

*Judgment affirmed.*